Rodney E. Daniels Prosecuting Attorney Office of the Prosecuting Attorney Taney County, Missouri P.O. Box 849 Forsyth, MO 65653
Dear Mr. Daniels:
You have submitted the following question to this office:
Does the Office of Prosecuting Attorney of Taney County become a full-time position when Taney County becomes a county of the first classification on January 1, 2001, and if so, what is the compensation or salary to be paid to the Prosecuting Attorney beginning January 1, 2001?
You state in your request that:
Taney County, Missouri is currently a third class county; however, it will become a first class county on January 1, 2001. Third class counties have a part-time Prosecuting Attorney, who is paid a salary according to the applicable laws for a third class county. This currently is the situation in Taney County. However, Section 56.067
indicates that in a first class county, the Prosecuting Attorney "shall devote full time to his office", and that the salary and compensation for a full-time Prosecuting Attorney is controlled by Section 56.265 RSMo. Missouri Prosecuting Attorneys, including that of Taney County, were elected to a four year term of office beginning on or about January 1, 1999, and scheduled to end on or about December 31, 2002.
The concern expressed in your request is whether it is appropriate to adjust the salary of a prosecuting attorney in the middle of a term when the classification of the county changes. Similar concerns would apply to all county offices in which the imcumbents are within their respective terms.
Article VII, Section 13 of the Missouri Constitution provides:
The compensation of state, county and municipal offices shall not be increased during the term of office.
This office has interpreted this provision to not be implicated when a county changes classification from a fourth class county to a third class county. Officials in the middle of their terms of office when the county changes classification are entitled to their salaries in the higher classification because that salary was fixed by law at the time of the officials' election to their present terms. See Opinion 1-29-53, No. 92, Vogel, a copy of which is attached.
The legislature has recognized that a county may change classification in the middle of a term of office of a prosecuting attorney. Section56.265 RSMo 1999 Supp. provides, in part:
The prosecuting attorney of any county which becomes a county of the first classification during a four-year term of office . . . shall not be required to devote full time to such office pursuant to section 56.067
until the beginning of the prosecuting attorney's next term of office or until the proposition otherwise becomes effective.
This provision giving a prosecuting attorney in a county that becomes a first class county during the term of office the option of not becoming a "full-time" prosecutor is the recognition that that individual may have fiduciary responsibilities to clients that preclude that individual from immediately abandoning those clients. While it is true that Section 56.067
RSMo 1999 Supp. provides that first class county prosecutors "shall devote full time to his office," the previously cited provisions in Section 56.265 RSMo 1999 Supp. make an exception to that requirement. If a prosecutor chooses to be part time, the salary is set forth at Section56.265.1(2) RSMo 1999 Supp.
The statutory framework whereby a prosecuting attorney in a first class county would be entitled to a salary greater than that of a prosecuting attorney in a third class county was in place when the Taney County officials were elected in 1998. By operation of law Taney County will become a first class county on January 1, 2001. Because the framework was in place and the county classification will change, the constitutional prohibition against increasing compensation during a term of office does not apply.
If the prosecuting attorney of Taney County chooses to be a full-time prosecutor upon Taney County becoming a first class county, the salary for that position is as set out in Section 56.265.1(1) RSMo 1999 Supp. If the prosecutor chooses to be part time, the salary is set forth in Section 56.265.1(2) RSMo 1999 Supp.
 CONCLUSION
Upon Taney County becoming a first class county on January 1, 2001, the individual serving in the office of Prosecuting Attorney has the option of becoming a "full-time" prosecutor at the salary set forth in Section56.265.1(1) RSMo 1999 Supp., or remaining part time at the salary set forth in Section 56.265.1(2) RSMo 1999 Supp. Any increase in salary would not violate Article VII, Section 13 of the Missouri Constitution.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosure